U.S. DISTRICT
NORTHERN DISTRICT OF TEXAS
FILED
JUL 2 5 2013
CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | NO. 4:13-CV-320-A |
| | § | (NO. 4:11-CR-65-A-3) |
| ARNULFO MENDEZ | § | |
| | § | |

MEMORANDUM OPINION
and
ORDER

Came on to be considered the motion of Arnulfo Mendez ("movant") pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. Having reviewed the motion, the record, the government's response, and applicable legal authorities, the court concludes that the motion lacks merit and should be denied.

I.

Background

Movant pleaded guilty to conspiracy to distribute 500 or more grams of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846. Movant had agreed to allow two drug traffickers to store approximately eight kilograms of cocaine, which movant guarded, and accompanying drug paraphernalia, in his house, in exchange for $1,600.00. He was sentenced to 120 months imprisonment, in the middle of the guideline range, and a five-year term of supervised release. His conviction and sentence

were affirmed, United States v. Mendez, 479 F. App'x 626 (5th Cir. 2012), and he did not seek certiorari review. Movant timely filed his motion under § 2255 on April 18, 2013.

II.

Ground of the Motion

Movant identified one ground for relief in his motion: that he was denied effective assistance of counsel because his attorney advised him to plead guilty to "an offense he was not guilty of," and that movant was actually guilty of a different offense that carried a lesser penalty. Mot. at 5.

III.

Analysis

A. Legal Standard for 28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991), cert. denied, 502 U.S. 1076 (1992). A defendant can challenge her conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for her procedural default

and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

B.  Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, movant must show (1) that counsel's performance fell below an objective standard of reasonableness and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984). Both prongs of the Strickland test must be met to demonstrate ineffective

3

assistance. Id. at 697. Further, "[a] court need not address both components of an ineffective assistance of counsel claim if the movant makes an insufficient showing on one." United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 131 S. Ct. 770, 792 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Cullen v. Pinholster, 131 S. Ct. 1388, 1403 (2011) (quoting Strickland, 466 U.S. at 686)). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689.

Movant argues that his attorney were deficient because he advised movant to plead guilty to the conspiracy charge, even though movant informed his attorney that he was not part of the conspiracy because he had never handled, sold, or procured the drugs that he allowed to be stored in his house. Instead, movant argues that he was guilty only of violating 21 U.S.C. § 856(a)(2), which involves making a premises available to store a controlled substance. Movant contends that, but for counsel's

4

erroneous advice, movant "would have refused to plead guilty to the § 846 charge and would have insisted upon going to trial, or as an alternative, [movant] would have offered to plead guilty to a violation of § 856 with the [United States Sentencing Guidelines] § 2D1.8(a)(2) application." Memo. at 9.

It is not up to movant's attorney, or movant, to decide what charges will be brought against movant or on what charges movant may choose to plead guilty. As the government points out, "In our system, so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion." Bordenkircher v. Hayes, 434 U.S. 357, 364 (1977). See also Ball v. United States, 470 U.S. 856, 859 (1985) ("This Court has long acknowledged the Government's broad discretion to conduct criminal prosecutions, including its power to select the charges to be brought in a particular case."); United States v. Batchelder, 442 U.S. 114, 123-24 (1979) ("This Court has long recognized that when an act violates more than one criminal statute, the Government may prosecute under either so long as it does not discriminate against any class of defendants.").

The record and evidence in movant's criminal case showed that movant conspired with others to distribute cocaine by

allowing the traffickers to store cocaine and related paraphernalia at his home, guarding the cocaine and paraphernalia will full knowledge that it was illegal, and allowing the distribution of the cocaine from his home. Even if the government could have prosecuted movant for providing the use of his home for drug distribution in violation of § 856, the decision as to which criminal charges to bring rests exclusively with the prosecutor, as noted above. The only exception that exists to this prosecutorial authority is when a prosecutor possesses an improper motive in bringing the charges; there is no evidence of any improper motive in this case. Movant's attorney had no authority or discretion to determine which charges would be brought, or to insist that the government prosecute movant under § 856 rather than § 846, and was not deficient for advising movant to plead guilty to the § 846 charges. Any attempt to demand that the government prosecute movant under another statute by movant's attorney would have been meritless, and counsel is not prejudicially deficient for failing to raise a meritless issue. See Clark v. Collins, 19 F.3d 959, 966 (5th Cir. 1994).

Additionally, movant cannot show that he was prejudiced. Had he been charged under § 856, the court would be directed by United States Sentencing Guidelines ("USSG") §§ 1B1.5(b)(1) and 2D1.8(a)(1) to calculate movant's offense level using § 2D1.1,

6

which is the same provision used to calculate movant's offense under § 846. Movant contends that USSG § 2D1.8(a)(2), which provides a four-level decrease in the total offense level and caps the level at 26, would apply to him; however, this provision is inapplicable to "a defendant who guarded the cache of controlled substances," which is exactly what movant did. USSG § 2D1.8 cmt. n.1. Thus, it is likely, if not certain, that movant's guideline calculation would have remained the same and that he would have received the same sentence for his criminal conduct. Thus, he cannot show a reasonable probability that the outcome of the proceedings would have been different, and cannot establish prejudice.

IV.

Order

Therefore,

The court ORDERS that the motion of Arnulfo Mendez to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby,

denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED July 24, 2013.

_____
JOHN McBRYDE
United States District Judge